UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC D. ULLMANN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-1772-B |
| | § | |
| OBMI MIAMI, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Eric D. Ullmann's Renewed Motion to Strike or, Alternatively, Dismiss Defendant's Affirmative Defenses (Doc. 22). For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Ullmann's Motion (Doc. 22). The Court **STRIKES** Defendant OBMI Miami, Inc. ("OBMI")'s First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Tenth affirmative defenses listed in its Answer (Doc. 16) **WITHOUT PREJUDICE**.

I.

BACKGROUND

This is an employment case. Ullmann worked for OBMI for nearly two-and-a-half years "as a Principal and as a member of the OBMI Board of Directors." Doc. 10-1, Ex. A, 1; *see* Doc. 10, Am. Compl., ¶ 8.[1] According to Ullmann, he is entitled to an equity stake in OBMI under the

---

[1] The Court granted Ullmann leave to file an amended complaint on September 12, 2024. Doc. 11, Order. In the Order granting leave, the Court directed the Clerk to enter Ullmann's amended complaint (which was attached to his Motion). *Id.*; *see* Doc. 10, Mot. Leave, 3–16. The Clerk entered Document 12 as Ullmann's Amended Complaint. *See* Doc. 12. However, it appears that the Clerk filed an exhibit attached to Ullmann's pleading as the "amended complaint," rather than the proposed amended complaint attached

- 1 -

terms of his employment contract. Doc. 10, Am. Compl., ¶¶ 20–24.  However, Ullmann claims that OBMI failed to grant him the promised equity and thus initiated the present litigation. *See generally* Doc. 1-2, Original Pet., 9–14.

Ullmann's operative complaint was filed on September 12, 2023. *See* Doc. 10, Mot Am.; Doc. 11, Order. He brings claims for breach of contract, breach of warranty, fraudulent inducement, fraud, and fraudulent concealment against OBMI. *See* Doc. 10, Am. Compl., ¶¶ 15–38. OBMI answered on September 26, 2024. Doc. 16, Answer. OBMI's Answer asserts the following affirmative defenses:

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, fraud, and/or estoppel.
3. Plaintiff's claims are barred, in whole or part, by failing to satisfy conditions precedent.
4. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.
5. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.
6. Defendant specifically invoke all statutory limitations of liability applicable to any and all asserted causes of action in this case.
7. To the extent Plaintiff was damaged at all, such damages were proximately caused in whole or in part by the conduct or fault of persons or entities other than Defendant.
8. Plaintiff failed to mitigate or failed to take reasonable steps to mitigate his alleged damages, if any.
9. Defendant claims its entitlement to recover attorneys' fees and costs of suit.
10. Defendant pleads all limitations on an award or the amount of exemplary or liquidated damages.
11. In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses as they may become apparent during the course of discovery in this case.

*Id*. at 6–7.

---

to Ullmann's Motion for Leave. *See* Doc. 10, Mot. Leave, 4–16. Thus, the full amended complaint can be found in Document 10, which is Ullmann's initial Motion for leave. *See id*.

On October 10, 2023, Ullmann moved to strike each affirmative defense contained in OBMI's Answer under Federal Rule of Civil Procedure 12(f). Doc. 22, Mot., 3–7. Ullmann's Motion is briefed and ripe for review. The Court considers it below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982). "To find that a defense is insufficient as a matter of law, the court considers whether the defense is applicable to the case and whether the pleadings give plaintiff fair notice of the defense." *Dexon Computer, Inc. v. Cisco Sys., Inc.*, No. 5:22-CV-53-RWS-JBB, 2023 WL 9065490, at *3 (E.D. Tex. Dec. 8, 2023), *report and recommendation adopted*, No. 5:22-CV-53-RWS-JBB, 2024 WL 38274 (E.D. Tex. Jan. 3, 2024).

"An affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Thus, an affirmative defense need only recite a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). A defendant must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice." *Woodfield*, 193 F.3d at 362. It is unclear whether the plausibility standard for pleading, expressed in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Aschcroft v. Iqbal*, 556 U.S. 662 (2009), extends to the pleading of affirmative defenses. The Fifth Circuit has not addressed this issue. In the absence of guidance from the Fifth Circuit or Supreme Court, the court will apply the standard from *Woodfield*. *See E.E.O.C. v. Courtesy Bldg.*

*Servs., Inc.*, No. 3:10-CV-1911-D, 2011 WL 208408, at *1–3 (N.D. Tex. Jan. 21, 2011) (Fitzwater, J.) (applying the *Woodfield* standard in absence of guidance from Fifth Circuit and Supreme Court on applying *Twombly* and *Iqbal* standard to affirmative defenses); *Republic Title of Texas, Inc. v. First Republic Title, LLC*, No. 3:14-CV-3848-B, 2015 WL 1914635, at *1–2 (N.D. Tex. Apr. 27, 2015) (Boyle, J.) (same); *CarrollClean LLC v. ACE Am. Ins. Co.*, No. 3:21-CV-01359-N, 2022 WL 598243, at *2–3 (N.D. Tex. Feb. 28, 2022) (Godbey, C.J.) (same). Under *Woodfield*, the "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." 193 F.3d at 362.

## III.

## ANALYSIS

Of OBMI's eleven affirmative defenses, all but two are deficient. Specifically, OBMI's pleadings fail to give fair notice with respect to affirmative defenses One, Two, Three, Four, Five, Six, Eight, and Ten. And while affirmative defense Seven is sufficiently specific, it is nevertheless redundant. *See* FED. R. CIV. P. 12(f). On the other hand, affirmative defenses Nine and Eleven give Ullmann fair notice of OBMI's claimed rights.

A.   *Affirmative Defenses One, Two, Three, Four, Five, Six, Eight, and Ten*

OBMI's Answer fails to give Ullmann fair notice of affirmative defenses One, Two, Three, Four, Five, Six, Eight, and Ten.

To begin, the allegations pertaining to affirmative defenses One, Two, Four, Five, Six, and Eight mirror those which were raised and ultimately struck in *Pem-Air Turbine Engine Servs. LLC v. Gupta*, No. 3:21-CV-00180-L, 2022 WL 2835840, at *5 (N.D. Tex. July 19, 2022) (Lindsay, J.). The Court provides the following table for ease of comparison:

| *Pem-Air Turbine*[2] | OBMI's Answer |
|---|---|
| "Plaintiff's Complaint fails to state a claim upon which relief can be granted." | Affirmative Defense #1: "Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted." |
| "Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, justification, and/or estoppel." | Affirmative Defense #2: "Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, fraud, and/or estoppel." |
| "Defendant pleads the affirmative defense of accord and satisfaction." | Affirmative Defense #4: "Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction." |
| "Some or all of Plaintiff's claims must be dismissed due to . . . unclean hands." | Affirmative Defense #5: "Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands." |
| "Some or all of Plaintiff's claims may be barred by the applicable statute(s) of limitations." | Affirmative Defense #6: "Defendant specifically invoke[s] all statutory limitations of liability applicable to any and all asserted causes of action in this case." |
| "Plaintiff has failed to mitigate its damages, if there are any damages." | Affirmative Defense #8: "Plaintiff failed to mitigate or failed to take reasonable steps to mitigate his alleged damages, if any." |

In *Pem-Air Turbine*, the court struck the affirmative defenses listed in the left-hand column above, explaining "that they fall short of the minimum particulars and fail to provide enough information to alert [plaintiff] to what the alleged problem is as to prevent unfair surprise." *Id.* Given that OBMI's affirmative defenses are alleged in nearly identical terms, the Court reaches the same conclusion with respect to affirmative defenses One, Two, Four, Five, Six, and Eight.

OBMI's third and tenth affirmative defenses fail to satisfy *Woodfield* for similar reasons. Affirmative defense Three states: "Plaintiff's claims are barred, in whole or part, by failing to satisfy conditions precedent." Doc. 16, Answer, 6. Without identifying the specific conditions precedent

---

[2] *Pem-Air Turbine*, 2022 WL 2835840, at *2–3.

that Ullmann failed to satisfy, however, Ullmann cannot be said to have fair notice of this defense.[3] *McNeely v. Trans Union LLC*, No. CV H-18-849, 2019 WL 338127, at *2 (S.D. Tex. Jan. 28, 2019). Similarly, OBMI's tenth affirmative defense is merely that OBMI "pleads all limitations on an award or the amount of exemplary or liquidated damages." Doc. 16, Answer, 6. Pleading "all limitations on an award" is like pleading "all affirmative defenses on a claim." Both are clearly insufficient under *Woodfield*. Absent any indication as to the specific limitations that OBMI is contemplating with this allegation, Ullmann can only guess what OBMI's position is—this is not fair notice. *Cf. Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 152 (S.D. Miss. 2018).

In sum, affirmative defenses One, Two, Three, Four, Five, Six, Eight, and Ten are inadequately alleged under *Woodfield*. Accordingly, the Court **STRIKES** these affirmative defenses.

B.  *Affirmative Defense Seven*

OBMI's seventh defense fails for a different reason: it is repetitive of other portions of OBMI's Answer. *See* FED. R. CIV. P. 12(f) ("The court may strike from a pleading . . . any redundant . . . matter."). OBMI's seventh defense is that it did not cause Ullmann's damages. Doc. 16, Answer, 6 ("To the extent Plaintiff was damaged at all, such damages were proximately caused in whole or in part by the conduct or fault of persons or entities other than Defendant."). Affirmative defense Seven is more appropriately labeled a "negative defense," meaning it merely tends to disprove an element of Ullmann's claims. *See F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D.

---

[3] The Court also notes that Federal Rule of Civil Procedure 9(c) requires that, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c); *see also CarrollClean LLC v. ACE Am. Ins. Co.*, No. 3:21-CV-01359-N, 2022 WL 598243, at *4 (N.D. Tex. Feb. 28, 2022) (Godbey, J.) (explaining that Rule 9(c) applies to pleading affirmative defenses). Merely asserting that conditions precedent went unsatisfied falls far short of the particularity required by Rule 9(c).

Tex. 2008). Indeed, for each cause of action asserted against OBMI, Ullmann alleged that OBMI caused his injuries. Doc. 10, Am. Compl., ¶¶ 16, 23, 25, 33, 35–36, 38. OBMI had already denied each one of these allegations in its Answer before asserting affirmative defense Seven. Doc. 16, Answer, 2–4. OBMI's seventh affirmative defense is thus repetitive. *See Think All Pub.*, 564 F. Supp. 2d at 665–66. Therefore, the Court **STRIKES** this defense.

C.      *Affirmative Defenses Nine and Eleven*

Affirmative defenses Nine and Eleven are not defenses, although they are labeled as such. Affirmative defense Nine is OBMI's claimed entitlement to attorneys' fees, and Eleven is OBMI's reservation of the right to assert additional defenses at a later point. *Id.* at 6–7, ¶¶ 9, 11. The Court sees no basis to strike either defense.

OBMI's ninth affirmative defense states "[OBMI] claims its entitlement to recover attorneys' fees and costs of suit." *Id.* at 6. Ullmann argues that this defense should be struck because it fails to meet the minimal pleading requirements under *Woodfield* and because a claim to attorneys' fees does not constitute an affirmative defense. *See* Doc. 22, Mot., 5–7. The Court disagrees that this defense should be struck. First, because a claim to attorneys' fees is not a defense, *Woodfield* does not govern. *See* 193 F.3d at 362. Indeed, in some cases, a party need not even plead a right to attorneys' fees to recover the same, let alone do so with a certain degree of specificity. *See Solferini as Tr. of Corradi S.p.A. v. Corradi USA*, Inc., No. 20-40645, 2021 WL 3619905, at *3 (5th Cir. Aug. 13, 2021). Second, that OBMI may have mislabeled its claim to attorneys' fee as a defense provides no basis for striking the allegation. While Ullmann cites cases striking mislabeled affirmative defenses, those cases did not do so *because* said defense was mislabeled. *See e.g.*, *Insuremax Ins. Agencies, Inc. v. Shanze Enterprises, Inc.*, No. 3:13-CV-1231-M, 2013 WL 4014476, at *6 (N.D. Tex. Aug. 7, 2013) (Lynn, J.) (striking defenses mislabeled as affirmative defenses

because they were repetitive). Regardless, in the Court's view, it would be overly formalistic to strike a portion of the pleading solely because it was mislabeled.

Ullmann argues that OBMI's eleventh defense should be struck for similar reasons. *See* Doc. 22, Mot., 5–7. OBMI's eleventh defense is that it "reserves the right to assert any other defenses as they may become apparent during the course of discovery in this case." *Id.* at 6, ¶ 9. The Court declines to strike this defense for reasons articulated by the Eastern District of Texas in *Mosser v. Aetna Life Ins. Co.*:

> While the Court does not necessarily endorse [Defendant's] attempt to reserve the right to assert additional defenses in the future, a reservation of rights within an answer is essentially meaningless and does not prejudice Plaintiff in any way; nor does it confer on Defendant a right to amend without the Court's approval. Accordingly, it is not necessary to strike Defendant's reservation of the right to assert additional affirmative defenses.

No. 4:15-CV-00430-ALM-KPJ, 2018 WL 3301808, at *5 (E.D. Tex. Mar. 9, 2018), *report and recommendation adopted*, No. 4:15-CV-00430, 2018 WL 1517032 (E.D. Tex. Mar. 28, 2018).

Accordingly, the Court **DENIES** Ullmann's Motion to Strike affirmative defenses Nine and Eleven.

### IV.

### CONCLUSION

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Ullmann's Motion to Strike (Doc. 22). The Court **STRIKES WITHOUT PREJUDICE** the following affirmative defenses in OBMI's Answer: One, Two, Three, Four, Five, Six, Seven, Eight, and Ten. The Court **DENIES** Ullmann's Motion with respect to affirmative defenses Nine and Eleven. The Court further **ORDERS** that OBMI, if it wishes to replead its affirmative defenses in accordance with the *Woodfield* standard, file an amended answer within twenty-one (21) days of this Order.

OBMI's repleading, if any, must be limited to its previous affirmative defenses. Stated another way, OBMI cannot plead new affirmative defenses; instead, OBMI may only replead its previously asserted affirmative defenses with enough factual particularity to give Ullmann fair notice. If Ullmann wishes to file a second motion to strike, it must do so within fourteen (14) days of OBMI's amended filing.

      **SO ORDERED**.

      **SIGNED: June 12, 2024.**

                                                  JANE J. BOYLE
                                                  UNITED STATES DISTRICT JUDGE